ATTACHMENT TO PETITION

GROUND ONE, pg. 10

The BOP is refusing to honor the sentencing court's explicit words at both the 'Change of Plea Hearing' and at 'Final Sentencing' that the "yet-to-be" adjudicated state courts would be the final determiner as to the consecutive or concurrent relationship of the federal and state sentences.  The BOP is relying solely on the silent Judgment Order of the court to deny me the time in state custody towards my federal sentence, despite the sentencing court specificaaly stating otherwise.

The sentencing court (federal) clearly stated that the state courts which would follow the federal court's adjudication, would determine if the two sentences (federal and state) would run concurrent.  Judge David Bunning (US Dist. EDKY) stated:

THE COURT:  I cannot and I will not order as part of any sentence that I impose that the time that I I impose in sentencing will run concurrently or consecutively with any yet-to-be imposed sentence. That's just not permitted.  (October 12, 2007 Plea Hearing, Doc 91, p. 12, 06-cr-15, US Dist. EDKY)

THE COURT:  And the sentence I impose, because you haven't been adjudicated guilty of other cases, you have these two gun charges which you entered a guilty plea to.  I'm notgoing to be imposing a sentence either consecutively or concurrently with the yet-to-be imposed sentence..,

If, in fact, your'e adjudicated guilty of other charges in other jurisdictions, **those judges will make that final determination.** (emphasis added) (November 7, 2007 Final Sentencing, Doc 77, pg. 4-5, 06-cr-15, US Dist. EDKY)

It was my clear understanding that, just as Judge Bunning explained, that the state court judges would determine the concurrent or consecutive nature of the two jurisdictional sentences.  The state court's were likewise explicit in Open Court and in their respective written judgments, that the state and federal sentences were to be served concurrently.  Based on the clear instructions of the US District Court for the Eastern District of Kentucky (Judge David Bunning) the federal sentence must run concurrent to the state imposed sentences.  The BOP is refusing to execute the clear and explicit Order of the sentencing court.

The no hereto attached, Petitioner is in possession of both relevant transcripts of proceedings and the sentencing and judgment orders of the state courts to establish the above.  These docuumnets will be readily furinshed to this Court on its request.

[attachment pg. 1]

ATTACHMENT TO PETITION

Ground Three, pg. 11

Section 403(a), clarified congressional intent of the phrase "second or subsequent conviction," relating to the practice of stacking multiple counts of the same indictment (Multiple 924(c) counts) to satisfy this term. Section 403(b) holds that the amended language of section 403(a) is not retroactive in application. Section 403(b) of the First Step Act is moot.

It is moot because part (a) of that section simply "clarified" existing statute. Congress clearly stated that the amended language , a mere clarification. The practice of stacking was a function of the courts and not of statute. Section 403 was proferred to put an end to this practice, not to justify the praction. Thus, Congress' choise of heading title; "Clarificationof Section924(c)," as opposed to "Justification of the Courts misinterpretation of Section 924(c)."

Section 403(a), is therefore applicable to those wrongfully sentence under the past misinterpretation of the meaning of second or subsequent conviction.

*David S. Hopper*

[attachment pg. 2]