-------------------------------------------------IN THE UNITED STATES DISTRICT COURT---------------------------
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DAVID S. HOPPER, PETITIONER

V.   CASE NO. 20CV38

R. HUDGINS, WARDEN, RESPONDENT

FILED
APR 21 2020
U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

----------------------------------------------------------------------------------------------------------------
MEMORANDUM IN SUPPORT OF PETITION PURSUANT TO 28 USC 2241
----------------------------------------------------------------------------------------------------------------

    Petitioner, David S. Hopper, proceeding pro se, submits this Memorandum in support of the Petition he has filed in this Court pursuant to 28 USC 2241. To establish the claims made within said petition, which moves this Court to enter an Order directing the Federal Bureau of Prisons (BOP) to recalculate his sentence based on his request to (1) designate his federal custody nunc pro tunc to his state sentence, and (2) to recalculate the same pursuant to a change in the statute for which he was sentenced in federal court; Hopper has attached hereto several Exhibits of documents and transcripts of proceedings for this Court's review.

    Below, is a index of exhibits to that support all claims made within the present Petition. In the body of this Memorandum, when referencing an Exhibit, the petitioner will indicate by bracketing [Ex.], followed by the corresponding alpabetic indicater. Example, [Ex. "A"].

### EXHIBITS

| | | |
|---|---|---|
| A. | Oct. 12, 2007 | Transcript [Change of Plea Hearing][EDKY] |
| B. | Nov. 7, 2007 | Transcript [Final sentencing Hearing][EDKY] |
| C. | Nov. 8, 2007 | Judgment [EDKY] |
| D. | Feb. 29, 2008 | Judgment [Grant Circuit Court, Ky.] |
| E. | Mar. 4, 2008 | Judgment [Campbell Circuit Court, Ky.] |
| F. | Apr. 7, 2015 | Order of Discharge [Campbell Circuit Court, Ky.] |
| E. | Apr. 9, 2015 | Order of Discharge [Grant Circuit Court, Ky.] |
| G. | Nov. 12, 2015 | *Administrative Remedy Response |
| H. | Feb. 5, 2020 | Letter to US Asst. Atty. Laura Voorhees |
| J. | Feb. 12, 2020 | Order [EDKY][Response to Exhibit "H"] |
| K. | Feb. 2006-Jun 2016 | Docket [EDKY]** |

** Additional actions in this case have occurred since June 2016

I.  STATEMENT OF RELEVANT FACTS

On February 9, 2006, David Hopper was arrested by the Boone County Sheriff's Department (KY) and was interrogated by agents of that department and the Federal Bureau of Investigations (FBI). Subsequently, Hopper was charged and indicted in two state courts, Campbell and Grant Circuit Courts (KY), [Ex. D & E], and in the United States District Court for the Eastern District of Kentucky. [Ex. K]. Relevant to this petition, Hopper was indicted on March 8, 2006, in the federalcourt for three counts of violating 18 USC 1951 and three counts of violating 18 USC 924(c). Id. While in state pre-trialcustody the United states requested the state transfer Hopper into federal custody to face those charges. The statecomplied.

On October 12, 2007, Hopper entered a change of plea to guilty pursuant to a plea agreement reached between he and the United States, which would allow for the federal district court to dismiss all three Section 1951 counts and one of the three Section 924(c) counts. (Ex. K). The plea agreement recommended the statutory mandated 384-month term of imprisonment, of which the court imposed on November 7, 2007. The two state courts relevant to this discussion proceededto enter judgments of conviction on February 29, 2008 (Grant, KY) and on March 4, 2008 (Campbell, KY). [Ex. D & E]

Of key import, at both the October 12, 2007 Change of Plea Hearing and at the November 7, 2007 Final sentencing Hearing, the US District Court Judge referenced the pending state charges. Judge David Bunning (EDKY), during the Oct. 12th hearing's colloquy even asked if any promises had been made to the defendant to induce his change of plea, offeringthe example of if anyone had offered that the state sentences would run concurrent or consecutive to the federal sentence. Hopper stated that he had been informed that it was a possibility, but no guarantee. Judge Bunning replied that Hopper needed to understand that there was no guarantee. These critical exchanges between Hopper and the Court follow:

THE COURT: Mr. Hopper, has anyone made any promises to you at all, such as--and I'm using this as an example--if you plead guilty here, whether it be the authorities.., the state of Kentucky authorities, Grant County, Campbell County, they'll run their time concurrently with the federal time if you plead guilty?

HOPPER:    I've been told there's a possibility of, but no guarantees.

THE COURT:   The Important thing for you to recognize is there are no guarantees.

HOPPER:    Yes.

Page 2 of 6

THE COURT: I cannot and will not order as part of any sentence that I impose that the time that I impose in sentencing you will run concurrently or consecutively with any yet-to-be-imposed sentence. That's just not permitted.
    (October 12, 2007 Plea Hearing)(Ex. A)(page and lines indicated on exhibit cover sheet)

   Then at the November 7, 2007 Final Sentencing Hearing, Judge Bunning added;

THE COURT: And the sentence I impose, because you haven't been adjudicated guilty of other cases, you have these two gun charges which you entered a guilty plea to. I'm not going to be imposing a sentence either consecutively or concurrently with the yet-to-be imposed sentence. Do you understand that?

HOPPER:    Yes.

THE COURT: If, in fact, you're adjudicated guilty of other charges in other jurisdictions, those judges will make that final determination. Do you understand that?

HOPPER:    Yes.
    (November 7, 2007 Final Sentencing Hearing)(Ex. B)(page and lines indicated on exhibit cover sheet

   Judge Bunning unequivocally stated that those yet-to-be adjudicated state courts would be the final arbiters of the concurrent v. consecutive question. The two state courts entered judgment of convictions on February 29th and March 4, 2007, specifically ordering that the imposed state sentence[s] were to be served concurrent to the federal sentence.

   In sum, the federal district court stated in open court that the federal court was not only open to the state court making the decision on the matter of the relationship between the federal and state sentences in the issue of their concurrency or consecutive nature, the district court acquiesced that decision to the state courts. In fact, in December 2012, when Hopper first learned that the federal sentence was not being served concurrently to the Kentucky state sentences he moved those state court to vacate his state sentences for failing to fulfill the state's obligation to the plea agreements. Those two state courts entered orders of sentence discharge on April 7, 2015 (Campbell) and on April 9, 2007 (Grant), [Ex. F&G], which discharged Hopper from the state sentence to the federal marshals for the imposition of the above referred to federal sentence. The state courts did this to prevent any further harm to Hopper by the Federal Bureau of Prisons (BOP) not recognizing the state court orders (Judgments), or the federal judges spoken words on the subject at the above-stated court proceedings.

After transfer into federal custody, Hopper filed for relief through the BOP's Administrative Relief process and was denied. [Ex. H] The BOP cited agency policy that did not permit credit of another jurisdiction's custody towards the satisfaction of a federal sentence.  After the administrative relief process, Hopper made several attempts to resolve the matter in his sentencing court culminating with a letter, which described much of the above, to Assistant US Attorney, Laura Voorhees.  Ms. Voorhess had prosecuted Hopper's case in 2006-07.  However, Ms. Voorhees had since retired and the district court responded to the copy of service of the letter that  Mr. Hopper had sent to the court.  The Order of the EDKY court stated that Hopper should file the present petition in this Court.  Thus, the present petition is now before this Court. See,
[Exhibits I, J, and K]

II.   ARGUMENT

CLAIM ONE and TWO:    THE FEDERAL BUREAU OF PRISONS ("BOP") IS INCORRECTLY CALCULATING MY FEDERAL TERM OF IMPRISONMENT BY REFUSING TO GRANT CREDIT FOR TIME SPENT IN STATE  CUSTODY WHEN THE FEDERAL SENTENCING COURT STATED IN OPEN COURT THAT SUCH TIME WOULD COUNT TOWARDS THE SATISFACTION OF MY FEDERAL SENTENCE, AND THE STATE COURT JUDGMENTS SPECIFICALLY IMPOSE CONCURRENT STATE AND FEDERAL SENTENCES.

   Claims One and Two are herein combined due to their similarities.  The above Statement of Relevant Facts are analogousto the facts presented the United States Fourth Circuit Court of Appeals in the case of Mangum v. Hallembaek, 824 F.3d 98(4th Cir. 2016); See also, Mangum, 910 F3d. 770 (4th Cir. 2018).  In fact, Hopper's case presents more compelling reasons that the BOP must recalculate his federal sentence to run concurrent to his previous state sentence than what compelled the Fourth Circuit to order the BOP to do in Mangum.  The Federal Bureau of Prisons is incorrectly calculating Hopper's federal sentence in light of the Mangum Opinion.

   Mangum was arrested by Oklahoma authorities and later transferred into federal custody to face federal charges.  His federal sentencing court was silent in its written Judgment and at all proceedings on the subject of concurrent or consecutive state and federal sentences.  That court was silent on the matter out of respect of court rule and statute.  Much as Judge Bunning stated above at Hopper's hearings, district court judges in 2007 were not permitted to impose either concurrent or consecutive sentences to yet to be imposed sentences in other jurisdictions.  (In Setser v. United States, 566 US 231, 132 S.Ct. 1463, 182 L.Ed.2d 455 (2012), the Supreme Court held that district courts were permitted to do so).  However, unlike Mangum's judge, Hopper's judge clearly stated that that determination [CONSECUTIVE OR CONCURRENT SENTENCES] was being left to the state court judges.

Mangum too, filed a section 2241 petition in a 4th circuit district court claiming that the BOP was abusing its discretion in denying his request for nunc pro tunc designation, under 18 USC 3621(b), to credit him for time served in state custody under state judgments that had ordered concurrent state to federal sentences. The BOP went as far as to contact the federal sentencing judge for his position on the question of concurrent v. consecutive sentencing. That judge stated that had Mangum had his state sentence when being sentenced in his federal court, he (the court) would have imposed a consecutive sentence. This is the polar opposite to Hopper's case, where Judge Bunning was explicit in stating that the state court judges were the final determiner in the matter, and that he was accepting of their determination.

The Mangum appellate court opined that his sentencing court was correct not to address the issue at sentencing, because the court simply was not permitted to do so. That is exactly what Judge Bunning said to Hopper--he was likewise correct. Judge Bunning's 2020 Order reflects the same sentiment as well. Though, if Mangum and Hopper were sentenced in federal court today, Mangum would be serving consecutive sentences and Judge Bunning would been compelled under USSG Section 5G1.3(c) to have imposed a current sentence to an anticipated state term of imprisonment. Hopper contends that this Court is free to enter its Order in light of Setser. True, neither 5G1.3 or Setser were controlling at the time of Hopper's sentencing, but they support his claim today.

Of great importance, the Fourth Circuit opined that the BOP should have weighed heavily on what the state court judge said on the matter, rather that what a federal judge does not say. In the present case, the state court was crystal clear in its imposing of concurrent sentences, and the federal court was not completely silent--the federal court clearly and unequivocally stated that the state court judges would be the final determiner in the matter of concurrent state and federal sentences. Of even greater weight, and unlike Mangum, Hopper's federal and state cases were brought out of the same crimes, falling under USSG's relevant conduct standard. See USSG Section 1B1.3.

For the Court's convenience, attached are the Orders of Final Judgment of the two relevant state courts; the same courts orders of discharge; the transcripts of the relevant federal court proceedings; the BOP's response to Hopper's Administrative Remedy request; and, other related documents. [See attached]. The facts are clear, (1) Hopper's federal sentencing court was not silent on its position of if the federal sentence could or should run concurrent to the yet-to-be-imposed state sentences (though the written judgment was silent); (2) Hopper's state courts were equally clear that they Ordered concurrent state and federal sentences; and, (3) the BOP did not consider either of these points in its evaluation of Hopper's request for nunc pro tunc designation of the time spent in state incarceration.

Likewise, the similarities between Hopper and petitioner Mangum are striking.  In fact, Hopper's case in light of Mangum is even stronger in consideration of Setser, because Hopper's federal sentencing court's statements at two separate hearings clearly establish what it would have done if Setser was controlling at the time of Hopper's sentencing in federal court.

    For the above-stated reasons, and in light of the Fourth Circuit's Opinion in Mangum, Id., David Hopper respectfully moves this Court to Order the BOP to recalculate Hopper's federal term of imprisonment, giving "heavy weight," to the state court judgments, and to the obvious intention of the district court's statement in open court.  Admittedly, those statements of the district court carry no pre-Setser authority, but they would answer the question that the BOP asked of the Mangum court.  Hopper moves this Court in the same Order to instruct the BOP to "weigh heavily" the Opinion[s] of the Fourth Circuit in the Mangum Opinions.  If, the above is considered and a recalculation is so performed, Hopper will see a reduction in his sentence of nearly a decade.  Indeed, Hopper would realize what he actually received in his plea agreements with the federal and state authorities--nothing more--nothing less--simply what was promised--what was Imposed.  Further, Petitioner would respectfully move this Court to so Order that the BOP immediately release Hopper on its Order to avoid the delays caused defendant Mangum by the delay tactics exhibited by the BOP in that case.

CLAIM THREE:   THE BOP IS UNLAWFULLY EXECUTING MY IMPOSED SENTENCE BY NOT APPLYING THE "CLARIFICATION" OF 18 USC 924(c) MADE BY CONGRESS IN THE FIRST STEP ACT (SECTION 403), WHICH ALLOWS FOR NO MORE THAN A 168-MONTH SENTENCE.  THE 384-MONTH SENTENCE, AS CALCULATED BY THE BOP, IS CONTRARY TO LAW.

   The BOP must be Ordered to recalculate Hopper's federal sentence based on Section 403(a) of The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), (hereafter, "The Act"). Opposing counsel can cite as many of the cases, to include those district court cases within this circuit, as they may chose, for there are many, that have denied this very claim.   Everyone of those cases have been denied for the same reason--The Act's Section 403(b) non-retroactive clause is as plain as a mouse in the corner of the room. That mouse is still there and this Petitioner is not going to act as if it isn't.

   However, to acknowledge the mouse and ignore the 10-ton pink, purple polka-dotted elephant in the room is perplexing; and, that is what has been occurring in all of those previous Decisions.  Petitioner will begin in likewise acknowledging what opposing counsel will rely upon to squash the below viewpoint in pointing out that section heading titles cannot be instructive when the text of a statute is clear. See, Trainmen v. Ohio & Baltimore R. Co., 331 US 519 (1947).

   So, what is the 10-ton pink, purple polka-dotted elephant?  It is Section 403(a) of the Act, which did not alter 18 USC 924(c).  Section 403(a) abrogated Deal v. United states, 508 US 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993).  Prior to the Deal opinion, there existed a split in federal courts regarding the phrase found in 924(c), "second or subsequent conviction." The disagreement was if that term referred to second or subsequent convictions after final sentence was imposed, or if multiple Counts in the same indictment would satisfy it. The Supreme decided in Deal that several Counts in an indictment could satisfy the phrase. Although, the Dissent in Deal clearly establishes that the divide still existed.

   Without argument, as the pre-Deal split in the courts and the Deal Dissent itself establish, the phrase "second or subsequent conviction" was confusing at best--Petitioner contends, it was unconstitutionally vague.  In the First Step Act of 2018, Congress acknowledges that it was unconstitutionally vague.  This is the 10-ton pink, polka-dotted elephant that everyone is trying to ignore.  Within the "Act," Congress did not alter the phrase, "second or subsequent conviction" in 924(c), they explained it--they clarified its meaning. The Majority in Deal was simply wrong. Once again, without argument, Section 403(a) abrogates the Supreme Court's Opinion in Deal.

   Congress has passed amazing pieces of legislation through the history of Our Nation, our courts have taken bold steps at times to correct the few mistakes made by Congress.  That is what the Deal court thought that they were doing, explaining what the term in question meant.

Page 1 of 4

However, the abrogation of Deal by Section 403(a) of the Act establishes beyond doubt that the Court got it wrong this time. Though section headings cannot alter the plain meaning of the text that follows, they can be an indicator of what is to come, just as Section 403's heading does.

Once again, Section 403(a) did not alter the questioned phrase, "second or subsequent conviction." It defined it--it gave it "CLARIFICATION." The Petitioner is not schooled in the legal arts and must rely on a lay perspective in reading the law, but isn't that the perspective of how our laws are suppose to be viewed? That was the intent of our nation's Founders. The Petitioner raises this question to ask this Court one, if skilled counsels of law, such as members of the federal judiciary and courts, Justices of Our Supreme Court, are confused as to the meaning of a statutory phrase [second or subsequent conviction] and must debate its meaning; how can that phrase not be unconstitutionally vague? How is a citizen suppose to have fair notice of the penalty for violating that statute? He can not.

Section 403(a) is Congress' admission, Congress's acknowledgment, that the questioned phrase was unconstitutionally vague. The Petitioner's 9th grade American Civics teacher taught him that to abrogate in legal terms is to nullify or cancel out law that was once enforced. The abrogation of Deal by Section 403(a), which is not an arguable point, means that any past sentence imposed under its guidance was wrong and must be corrected. Referring back to the mouse in the room, Section 403(b)'s non-retroactive clause, and acknowledging the reliance by federal courts to date to deny all like claims as the present. The Petitioner recalls the old childhood fable that spoke of how terrified the elephant was of the mouse in the room. The two, the mouse and the elephant, cannot coninhabitate the same room. Section 403(a) and Section 403(b) cannot co-exist in the space of the constitutional rights of equal protection under the laws, due process of law, or the protection from cruel and unusual punishments. It cannot be occupy the same space and must be removed by Order of this Court. The Act's Section 403(b) must be treated just as federal courts have recently stricken catchall "residual clauses" from various legislatively enacted statutes. See, United States v. Davis, 139 S.Ct. 2319 (2019)(Holding that 18 USC 924's residual was unconstitutionally vague); Dimaya v. Sessions, 138 S.Ct. 1204 (2018)(Holding that section 16(b)'s residual was unconstitutionally vague); and Johnson v. United States, 135 S.Ct. 2551 (2015)(Holding that the residual found in the Armed Career Criminal Act "ACCA," was unconstitutionally vague).

III.     CONCLUSION

   In closing, David Hopper was imposed sentences in state court that specifically ordered that the state and federal sentences that he received within a three month period of time would run concurrent to one another. The federal district court unequivocally informed Hopper at his final sentencing that the state court judges would be the final determiner of the concurrent or consecutive nature of the state and federal sentences. Judge David Bunning offered this advice beyond what was required of him and was careful that Hopper understood that the federal district court was not permitted (at that time) to impose either a consecutive or concurrent sentence to a yet-to-be-imposed [future] sentence. It is clear that the Sentence and Computation Center for the BOP did not consider what the state courts ordered/imposed, nor did the BOP give any weight to what the federal district court informed Hopper about at his sentencing in federal court.

   Section 403(b) of the First Step Act of 2018 is constitutionally unenforceable due to it being violative of the Equal protection Under the Law, Due Process of Law, and the Ex Post Facto clauses of the United States Constitution. Section 403(b) also creates two distinct classes of defendants, pre-enactment v. post-enactment, which the Constitution does not permit. Section 403(a)'s "clarification" of existing statute establishes congressional admission that the pre-amended version of 18 USC 924(c) was unconstitutionally vague. Section 403(a) abrogates the Supreme Court Opinion in Deal v. United States, Id. To abrogate is defined as the act of repealing or nullification of law. To repeal or nullify is to strike the previous holding from any standing in law. Simply stated, the nullification of the court's Deal Opinion, which Hopper's district court relied upon to stack his two 924(c) Counts to satisfy the term of second or subsequent conviction, equally nullifies the sentencing court's sentencing decision.

   The latter paragraph establishes that the BOP must recalculate Hopper's sentence to reflect the mandatory minimum sentencing scheme that has always been, less the erroneous Deal Opinion--two consecutive 84-month terms of imprisonment. The first paragraph establishes that the BOP is incorrectly computing Hopper's start date for his term of imprisonment, due to the federal and state sentencing courts specific orders that the sentences be ran concurrently.

   In combination, the above-stated claims establish that Hopper's state and federal sentences commenced on February 9, 2006. That said federal sentence would have been satisfied in February 2020, even with no sentencing credits granted. By Hopper's rough calculation, his federal sentence should have earned two-years and nine-months of sentence credits, which when applied to his federal sentence would have satisfied the same in October 2017. Hopper has served more than two years past the satisfaction of his federal sentence and must be immediately released from federal custody.

Therefore, Hopper respectfully request that this Court enter an order compelling the BOP to recalculate Hopper's federal sentence to designate his federal sentence nunc pro tunc to his state custody; and, to recalculate his sentence under the amended version of 18 USC 924(c), which would reduce his sentence to 168-months from its current 384-months. Further, that said release from federal BOP custody be immediate, due the BOP's established delay tactics demonstrated against petitioner Mangum, which were employed in direct disregard to the mandate of the Fourth Circuit Court of Appeals. The combined effect of this requested action would satisfy Hopper's federal term of imprisonment. I pray the Court's wisdom to grant the above.

Respectfully submitted,

*David S Hopper*

David S. Hopper, 11503-032
Federal Correctional Institution-Gilmer
P.O. Box 6000
Glenville, West Virginia 26351

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGHINIA

DAVID S. HOPPER, PETITIONER
FEDERAL CORRECTIONAL INSTITUTION-GILMER
P.O. BOX 6000
GLENVILLE, WEST VIRGINIA 26351

V.                                                       CASE NO. 20cv38

R. HUDGINS, WARDEN, RESPONDENT
FEDERAL CORRECTIONAL INSTITUTION-GILMER
P.O. BOX 6000
GLENVILLE, WEST VIRGINIA 26351

CERTIFICATE OF SERVICE

   I, David S. Hopper, appearing pro se, hereby certify that I have served the foregoing Memorandum in Support of Petition filed pursuant to 28 USC 2241 upon the respondent by depositing true copies ofd the same in the United dtates ,mail, postage prepaid, upon the following counsel of record for the respondent on April 13, 2020:

Tara M. Tighe
United States Attorney's Office
P.O. Box 591
Wheeling, West Virginia 26003

*David S Hopper*
DAVID S. HOPPER, PETITIONER
Pro Se

Page 1 of 1