**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**DAVID S. HOPPER,**

        **Petitioner,**

**v.**                           **Civil Action No.: 3:20-CV-38**
                                                **(GROH)**

**R. HUDGINS,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On March 2, 2020, Petitioner, an inmate at Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") challenging the calculation of his sentence.  ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:20-CV-38 unless otherwise noted.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    Conviction and Sentence in the Eastern District of Kentucky [2]

On March 8, 2006, an indictment was returned in the Eastern District of Kentucky, case number 2:06-CR-15, which charged Petitioner with three counts of armed robbery, in violation of 18 U.S.C. § 1951, and three counts of the use, carrying or brandishing of a firearm during those robberies, in violation of 18 U.S.C. § 924(c)(1).  ECF No. 6.  Pursuant to a written plea agreement, Petitioner entered a guilty plea on October 12, 2007, to Counts 2 and 6 which charged him with violating 18 U.S.C. § 924(c) and agreed to be sentenced to a mandatory 32 years in prison.  ECF Nos. 56, 57.  The plea agreement specified that "this agreement will not bind any other jurisdiction."  ECF No. 56 at 1.    On November 7, 2007[3], Petitioner was sentenced to 384 months of imprisonment, consisting of 84 months on Count 2 and a consecutive 300 months on Count 6.  ECF No. 67 at 2.

### B.    Motions to Vacate Pursuant to 28 U.S.C. § 2255

On March 14, 2013, Petitioner filed a motion to vacate, set aside or correct his sentence.[4]  ECF No. 79.  Petitioner filed a supplement to his § 2255 motion on April 4, 2013.  ECF No. 87.  On December 16, 2013, the district court denied Petitioner's motion to vacate.  ECF No. 98.  In its order denying relief, the court summarized Petitioner's arguments: (1) that his plea was not knowing and voluntary and the Court failed to

---

[2] Throughout sections II.A., II.B. and II.C, all ECF numbers refer to entries in the docket of Criminal Action No. 2:06-CR-15 from the Eastern District of Kentucky, available on PACER.  <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); <u>Colonial Penn. Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] The judgment was entered by the District Court on November 7, 2007, but not filed by the Clerk until November 8, 2007.

[4] The motion was also given a separate case number, 2:13-CR-7267.

adequately advise him of the direct consequences of his plea; (2) that newly discovered evidence demonstrated that he could not have the requisite intent to commit the offenses; and (3) that his plea was not knowing and voluntary because he was mentally incompetent at the time of his guilty plea.  Id.

On August 20, 2015, Petitioner filed a second motion to vacate, where he argued that he was innocent of Count 2.[5]  ECF No. 107.  The district court denied the motion to vacate as a second or successive motion on October 5, 2015.  ECF No. 111.

Petitioner filed a notice of appeal of the denial of his second motion to vacate on October 19, 2015.  ECF No. 112.  On November 6, 2015, the United States Court of Appeals for the Sixth Circuit denied Petitioner's appeal for lack of jurisdiction.  ECF No. 114.

### C.    Other Motions for Relief

Petitioner moved to modify, correct or amend judgment pursuant to Federal Rule of Civil Procedure 60(a) on August 29, 2016.  ECF No. 117.  A report and recommendation entered on September 2, 2016, was adopted on January 23, 2017.  But the district court transferred the matter to the Court of Appeals to determine if Petitioner should be permitted to file a successive § 2255 petition.  ECF Nos. 118, 120.  That appeal, case number 17-5072, was dismissed for lack of prosecution on March 6, 2017.  ECF No. 121.

Petitioner next filed a motion to reduce his sentence on January 3, 2019, which the district court denied on the same date.  ECF Nos. 122, 123.  Petitioner appealed the denial to the Sixth Circuit in that court's docket number 19-5108.  ECF

---

[5]  The motion was also given a separate case number, 2:15-CV-7410.

Nos. 124, 126.  The Sixth Circuit affirmed the decision of the district court.  ECF No, 127.

On February 12, 2020, Petitioner filed a letter which the district court construed as a motion for jail time credit, and which the court denied for lack of jurisdiction on the same date.  ECF Nos. 128, 129.

On May 21, 2020, Petitioner filed another motion to reduce sentence.  ECF No. 130.  Petitioner filed a supplement to that motion on July 10, 2020, and a brief supplement on September 14, 2020.  ECF Nos. 138, 139.  That motion remains pending.

**D.    Instant Petition for Habeas Corpus Under § 2241**

On March 2, 2020, the Petitioner filed the Court-approved form for a petition for habeas corpus under 28 U.S.C. § 2241 in this Court.  ECF No. 1.  Petitioner claims that the Bureau of Prisons unlawfully: (1) computed Petitioner's federal sentence by refusing to grant him credit for time served in state custody; (2) denied Petitioner credit for time served in Kentucky state custody; and (3) executed Petitioner's sentence by not applying the First Step Act "clarification" under 18 U.S.C. § 924(c), which Petitioner claims resulted in an improper "stacked" sentence.  ECF No. 1 at 5 – 6.

Petitioner asks this Court to order the Bureau of Prisons to grant him credit for time served in state custody from February 9, 2006 through April 10, 2015, toward his federal sentence which was imposed on November 7, 2007.  ECF No. 1 at 8.  Petitioner argues that the BOP refuses to honor the directive of the sentencing court that the state court ruling would determine whether the state and federal sentences would be served concurrently.  ECF No. 1-1 at 1.  On April 16, 2020, Petitioner filed a number of exhibits

in support of his petition.  ECF Nos 14-1 through 14-11.

Respondent filed a motion to dismiss, or alternatively, for summary judgment on April 21, 2020, along with a memorandum in support and attachments thereto.  ECF Nos. 15, 16, 16-1.  Petitioner filed[6] a response in opposition on May 5, 2020.  ECF No. 21.

## III.   LEGAL STANDARD

### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

---

[6]  Petitioner also filed a memorandum on April 21, 2020, but that pleading did not comply with the Local Rules of Prisoner Litigation Procedure.  ECF No. 17.  Following the issuance of a notice of deficient pleading [ECF No. 19], Petitioner filed a response [ECF No. 21] which more closely adheres to the Local Rules and which this Court has considered herein.

defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  <u>Adams v. United States</u>, 372 F.3d 132, 135 (2d Cir. 2004).

---

[7]  The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**D.      Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.   The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E.    Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However,

"[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

In <u>Celotex</u>, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact."  477 U.S. at 323.  Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts."  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict."  <u>Anderson</u>, <u>supra</u>, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial."  <u>Id.</u>  The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Id.</u> at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]."  <u>Id.</u>   "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987).  Such evidence must consist of facts which are material, meaning that they create fair doubt rather than

9

encourage mere speculation.  <u>Anderson</u>, <u>supra</u>, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita</u>, <u>supra</u>, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Id.</u> citing <u>First Ntl. Bank of Ariz. v. Cities Service Co.</u>, 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968).  See <u>Miller v. Fed. Deposit Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. <u>Matsushita</u>, <u>supra</u>, at 587-88. <u>Anderson</u>, <u>supra</u>, at 248-49.

## IV.    ANALYSIS

The United States Supreme Court has long recognized that the United States Attorney General, acting through the BOP, is responsible for computing an inmate's term of confinement.  <u>United States v. Wilson</u>, 503 U.S. 329, 334–35 (1992).  This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing.  <u>Id.</u> at 333.  In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

10

> (1) as a result of the offense for which the defendant was arrested; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence**.

(Emphasis added).  In <u>Wilson</u>, the Supreme Court expressly rejected Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing, reasoning that:

> Section 3585 indicates that a defendant may receive credit against a sentence that "*was imposed*."  It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the sentence commences."  Congress' use of a verb tense is significant in construing statutes.  By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence.  A district court, therefore, cannot apply § 3585(b) at sentencing.

<u>Wilson</u>, <u>supra</u>, at 333 (emphasis in original, internal citations omitted).

Petitioner seeks credit for the time he spent in state custody in Kentucky[8], before he was released to commence his federal sentence in the Eastern District of Kentucky. Respondent argues that Petitioner is not entitled to any recalculation of his sentence, because this Court is without authority to compute federal sentences.  The undersigned agrees with Respondent that the Bureau of Prisons has exclusive authority and discretion to compute federal sentences.

---

[8] The exhibits submitted by the Respondent show that Petitioner was convicted in Campbell County, Kentucky, of first degree rape and receiving stolen property on March 4, 2008, in case number 6-CR-90, and in Grant County, Kentucky, of first degree rape and first degree sodomy on February 29, 2008, in case number 6-CR-32.

However, even if the Court could grant such credit, Petitioner's argument is still without merit.  Petitioner's service of his Kentucky state sentence prohibited him from receiving credit for simultaneous custody credit for his federal sentence.  Consistent with 18 U.S.C. § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."

Petitioner was in state custody starting on February 9, 2006, the date when he was arrested by state authorities.  ECF No. 16-1.  Thereafter, Petitioner was borrowed by federal authorities pursuant to a writ, when he was sentenced in the Eastern District of Kentucky on November 7, 2007.  He was not in federal custody, but only borrowed from state custody, and returned to state authorities by return writ on November 8, 2007.  Id. at 3.  According to the Notice of Discharge dated April 10, 2015, Petitioner was discharged from Kentucky Department of Corrections custody on that date.  Id. at 27.

The language of 18 U.S.C. § 3585 provides that an inmate is not entitled to credit for time served which is credited toward any other sentence.  Petitioner asks the Court to give him credit toward his federal sentence from time served in state custody from February 9, 2006 to April 10, 2015.  However, Petitioner received credit for that same period toward the service of his state sentence prior to the date when his federal sentence commenced.  The plain language of the statute prohibits Petitioner from receiving credit for that time because he received credit for that same time toward his state sentence.

Although Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence, and refuses to grant him credit for time served in state custody, it is clear from 18 U.S.C. §§ 3585 and 3624 and the holding of Wilson, that neither the warden nor the

Court calculate sentences for federal inmates.  That task is the exclusive responsibility of the Bureau of Prisons, and it is clear from <u>Wilson</u> and other holdings that this Court may not usurp the Bureau of Prisons' authority.  Accordingly, Petitioner's relief is without merit.

## V.  RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE** because sentences are properly calculated only by the Bureau of Prisons, and this Court is unable to provide the relief requested.

I further **RECOMMEND** that Respondent's Motion to Dismiss, or Motion for Summary Judgment [ECF No. 15] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:      December 9, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE