**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**DAVID S. HOPPER,**

      Petitioner,

**v.**                                                          **CIVIL ACTION NO.: 3:20-CV-38**
                                             **(GROH)**

**R. HUDGINS,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on December 9, 2020.   ECF No. 25. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed with prejudice, and further recommends that the Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 15] be granted.   For the reasons discussed below, the Court adopts the R&R in full.

### I. Procedural History[1]

On March 2, 2020, the Petitioner, an inmate at FCI Gilmer, filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.   ECF No. 1.   Specifically, he avers that the Bureau of Prisons ("BOP") miscalculated his federal sentence by failing to credit him for the time he served in a state facility between February 9, 2006, and April

---

1     Upon reviewing the record, the Court finds that the R&R accurately and succinctly describe the factual circumstances underlying the Petitioner's claim.   For ease of review, the Court incorporates those facts herein.

10, 2015.   Id. at 8.   In lieu of an answer, the Respondent filed a Motion to Dismiss, or in

the Alternative, Motion for Summary Judgment on April 21, 2020.   ECF No. 15.   Therein,

the Respondent contends that the Petitioner is not entitled to any additional credit for time

spent in state custody because his federal sentence must be served consecutively to any

other sentence pursuant to 18 U.S.C. § 924(c).[2]   Id. at 11.   Thus, the Respondent

argues that the BOP correctly calculated the Petitioner's sentence and moves the Court

to dismiss the petition.

Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action

was referred to Magistrate Judge Trumble for submission of an R&R, which he entered

on December 9, 2020.   ECF No. 25.   Magistrate Judge Trumble found that the Court did

not have the authority to compute the Petitioner's federal sentence because the BOP "has

exclusive authority and discretion to compute federal sentences."   Id. at 11.

Furthermore, he found that even if the Court did have the authority, the BOP's calculation

was correct because the Petitioner received credit for that same time toward his state

sentence.   Id. at 12.   Thus, Magistrate Judge Trumble recommended that the Court

deny the petition and grant the Respondent's motion.

The Petitioner timely filed objections to the R&R on December 28, 2020.[3]   ECF

No. 27.   The Respondent, through counsel Erin K. Reisenweber, Assistant U.S. Attorney,

---

[2]       Section 924(c)(1)(D)(iii) provides that "notwithstanding any other provision of law . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the . . . drug trafficking crime during which the firearm was used, carried, or possessed."   18 U.S.C. § 924(c)(1)(D)(ii).

[3]       Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   The R&R was mailed to the Petitioner by certified mail on December 9, 2020.   The Petitioner accepted service on December 17, 2020.   The Petitioner filed objections on December 28, 2020.   ECF No. 27.

filed a Response to the Petitioner's objections on December 30, 2020.   ECF No. 28.

Accordingly, the matter is ripe for the Court's review.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo*

review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.   Thomas v. Arn, 474 U.S. 140,

150 (1985).   Failure to file timely objections constitutes a waiver of *de novo* review and

of a Petitioner's right to appeal this Court's Order.   28 U.S.C. § 636(b)(1); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir. 1984).

In his objections, the Petitioner argues that the R&R fails to address whether the

BOP considered the factors set forth in 18 U.S.C. § 3621(b) in denying his request for a

*nunc pro tunc* designation,[4] as required under Mangum v. Hallembaek, 824 F.3d 98 (4th

Cir. 2016).   ECF No. 27 at 2.   To this point, he argues that the Respondent's own exhibit,

the "Declaration of Dawn Giddings," demonstrates that the BOP did not consider the

---

[4]        Here, *nunc pro tunc* refers to the BOP's exclusive power, under 18 U.S.C. § 3621(b), to retroactively
designate a state facility as the official place of imprisonment for a federal prisoner who has served time in
state custody.   See Jefferson v. Berkebile, 688 F. Supp. 2d 474, 487 (S.D. W. Va. 2010).   Section 3612(b)
invests the BOP with discretion to designate a prisoner to "any available penal or correctional facility that
meets minimum standards of health and habitability . . . whether maintained by the Federal Government or
otherwise."   18 U.S.C. § 3612(b).   If an offender was in state custody at the time of his federal sentencing,
the BOP may enter a *nunc pro tunc* designation that would retroactively designate the state facility as his
place of imprisonment for his federal sentence.   See Barden v. Keohane, 921 F.2d 476, 481–82 (3d Cir.
1990).   Such a designation essentially allows the federal prisoner to receive credit against his federal
sentence for time already served in the state facility.   Jefferson, 688 F. Supp. 2d at 487 (citing Woodall v.
Fed. Bureau of Prisons, 432 F.3d 235, 245–46 (3d Cir. 2005)).

factors under § 3612(b).  Id. at 5.   The Court reviews the portions of the R&R to which the Petitioner objects below.

### III. Discussion

Section 2241 provides a basis for relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A prisoner may attack the computation or execution of his sentence by filing a petition under § 2241.   See United States v. Little, 392 F.3d 671, 678–79 (4th Cir. 2004) (recognizing that "challenges to the execution of a federal sentence are properly brought under § 2241").   Thus, the Court has jurisdiction over a § 2241 petition where a prisoner alleges that the BOP failed to give him credit for time served or refused his request for a *nunc pro tunc* designation under 18 U.S.C. § 3621(b).   Smith v. Young, No. 5:16-cv-7428, 2017 WL 1423951, at *3 (S.D. W. Va. Mar. 8, 2017); see Bates v. Saad, No. 1:17cv143, 2019 WL 137237, at *3 (N.D. W. Va. Mar. 26, 2019) (stating that § 2241 grants courts the authority to review the BOP's ultimate decision to grant or deny a *nunc pro tunc* designation request).

The Attorney General, acting through the BOP, is responsible for calculating the duration of an offender's federal sentence.   See United States v. Wilson, 503 U.S. 329 (1992).   The BOP has "broad discretion" in reviewing requests for *nunc pro tunc* designation.   Mangum v. Hallembaek, 910 F.3d 770, 779 (4th Cir. 2018).   However, the BOP is required by statute to consider the five factors set forth in 18 U.S.C. § 3621(b) when assessing a request for *nunc pro tunc* designation:

1. The resources of the facility contemplated;
2. The nature and circumstances of the offense;

4

3. The history and characteristics of the prisoner;

4. Any statement by the court that imposed the sentence (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and

5. Any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3612(b).

In Mangum, the Fourth Circuit ruled that the BOP could not invoke the "presumption that the unelaborated federal sentence should be deemed to run consecutively to the later imposed sentence" when considering the fourth factor in the *nunc pro tunc* designation analysis. 824 F.3d at 101–102. In that case, the federal sentencing court did not indicate whether it intended its sentence to be served concurrently or consecutively with the state sentence, and the state sentencing court "clearly intended for the state sentence to run concurrently with the federal sentence." Mangum, 910 F.3d at 777. However, the BOP found that the fourth factor weighed in favor of denying the prisoner's request because of the presumption in 18 U.S.C. § 3584(a), which states, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Mangum, 824 F.3d at 102. The Fourth Circuit reversed the BOP's decision and held that the BOP could not presume that, without a statement to the contrary, a sentencing court intended for the sentences to run concurrently when considering the five factors under § 3621(b). Id.

Because the Petitioner raised the Fourth Circuit's holding in Mangum for the first time in his objections, Magistrate Judge Trumble did not consider Mangum in his R&R.

5

See ECF No. 27.   Nevertheless, the Court agrees with the Respondent that <u>Mangum</u> does not apply to this case.

First, the Petitioner was sentenced under 18 U.S.C. § 924(c), which requires that the term of imprisonment run consecutively to any other term of imprisonment.   18 U.S.C. § 924(c)(1)(D)(ii); <u>see also</u> <u>Johnson v. Langford</u>, No. 9:15-cv-48, 2015 WL 5820973, at *5 (N.D.N.Y. Oct. 5, 2015) (rejecting the petitioner's argument that "any other term of imprisonment" referred to other federal terms of imprisonment).   Thus, the BOP was precluded from crediting the Petitioner for time spent in state custody or making a *nunc pro tunc* designation, both of which would effectively allow for the Petitioner's sentence under § 924(c) to be served concurrently with his state term.   See <u>Dotson v. Kizziah</u>, 966 F.3d 443, 446 (6th Cir. 2020) (finding that the BOP's decision not to credit the petitioner's time in state prison towards his federal sentence was not an abuse of discretion because under § 924(c), his federal sentence could not be served concurrently with any other sentence); <u>Johnson</u>, 2015 WL 5820973, at *6 (finding that the BOP gave full and fair consideration to the petitioner's request for *nunc pro tunc* designation where the request was denied because of § 924(c)).

Second, the BOP did not violate the holding in <u>Mangum</u> because it did not rely on the presumption in favor of consecutive sentences in denying the Petitioner's request for *nunc pro tunc* designation.   See <u>Thompson v. Andrews</u>, No. 5:17-HC-02143-D, 2019 WL 3561757 (E.D.N.C. May 24, 2019) (finding that the BOP did not violate Mangum where there was "no indication . . . that the BOP applied the presumption in favor of consecutive sentences").   In its response letter to the Petitioner's administrative appeal, the BOP stated that § 924(c) precluded it from crediting the Petitioner for time spent in state

custody or making a *nunc pro tunc* designation because under the statute, "a term of imprisonment imposed under [§ 924(c)] cannot run concurrently with any other term of imprisonment."   ECF No. 14-8.   The BOP did not engage in the *nunc pro tunc* designation analysis because the Petitioner is ineligible for *nunc pro tunc* designation due to his conviction under § 924(c).   See Ka v. Warden, No. 8:13-1957, 2014 WL 4793844, at *7 n.5 (D.S.C. Sept. 25, 2014) (stating that the petitioner was ineligible for a *nunc pro tunc* designation because of his conviction for a violation of § 924(c)).

Because the Petitioner is ineligible for *nunc pro tunc* designation and the BOP did not consider the factors in § 3621(b), Mangum does not apply to the Petitioner's case. Accordingly, the Petitioner's objections are overruled.

### IV. Conclusion

For the aforementioned reasons, the Petitioner's objections as to his sentence reduction claim are **OVERRULED** and Magistrate Judge Trumble's Report and Recommendation is [ECF No. 25] should be, and is hereby, **ORDERED ADOPTED**. Therefore, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE.**   The Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 15] is hereby **GRANTED**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket.   The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** January 14, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE